EISENBERG & BAUM, LLP

August 17, 2026

**VIA ECF**
Honorable Dale E. Ho
United States District Judge
40 Foley Square
New York, NY 10007

**Re: *Kenneth Frilando v. City of New York,* 24 Civ. 8650 (DEH)(RWL)**

Dear Judge Ho:

On behalf of Plaintiff Kenneth Frilando, I move for permission to call at trial five witnesses previously or currently employed by Defendant City of New York: Jared Barnes, Harry Chu, Taina Feliciano, Paul Santiago, and Deborah Borlam. Defendant plans to object based on untimeliness.[1]

On July 14, 2026, when discussing possible trial dates to ensure witness availability, Plaintiff provided a list of anticipated witnesses to Defendant, which included five sanitation workers. Plaintiff understands that three of those individuals could be produced by Defendant and that the remaining two (Jared Barnes and Harry Chu) would require subpoenas as former employees. Once Plaintiff was to formally disclose these witnesses under Fed. R. Civ. P. 26(a)(3)(A), Defendant would move to exclude them. But there is no basis to do so. *See Softel, Inc. v. Dragon Med. & Scientific Commc'ns, Inc.*, 118 F.3d 955, 961 (2d Cir. 1997) (providing four factors for consideration, including the importance of the testimony and any prejudice suffered by the opposing party to address the testimony).

The Court would benefit from the witnesses' important testimony, and Defendant cannot identify any prejudice, especially when Plaintiff identified these witnesses even before a trial date was set. All five sanitation workers submitted a Job Analysis Field Visit Guide, which was used to assess the employment examination at issue and therefore the essential functions to be a sanitation worker. Defendant produced such guides during discovery and has every opportunity to interview these five individuals before the trial-ready date of November 18, 2026; on the other hand, Plaintiff is not seeking pre-trial depositions. Furthermore, two core issues of this case have been and continue to be the employment examination and the essential functions to be a sanitation worker—as the parties discussed with the Court about their proposed motions for summary judgment on July 8, 2026. Thus, for all these reasons, the Court should permit testimony from the five current or former employees: Jared Barnes, Harry Chu, Taina Feliciano, Paul Santiago, and

[1] Within five weeks of the trial-ready date (November 18, 2026), the Court requires a joint pre-trial statement and motions in limine, among other documents, ECF No. 48, but to avoid trial disruptions and ensure witness availability, Plaintiff raises these issues now. Additionally, Defendant will not provide the last known addresses of former employees without a court order.

Deborah Borlam. *Cf. Patterson v. Balsamico*, 440 F.3d 104, 117–118 (2d Cir. 2006) (declining to permit witnesses "identified ten days before trial" when the party "never explained to the district court why these witnesses allegedly had important testimony").[2]

* * *

Plaintiff thanks the Court for its time and remains available for further questions.

Respectfully submitted,

David John Hommel, Esq.
**EISENBERG & BAUM, LLP**
24 Union Square East, PH
New York, NY 10003
(212) 353-8700
dhommel@eandblaw.com
*Attorneys for Kenneth Frilando*

cc: All Counsel of Record (via ECF)

Application **DENIED**. This matter has been pending for almost two years and fact discovery has been closed for almost six months. *See* ECF No. 35. Plaintiff offers no justification for his failure to amend his Rule 26 disclosures prior to the close of discovery. A trial date has now been set and Plaintiff's failure to disclose these witnesses during the discovery period significantly prejudices Defendant. These factors weigh in favor of preclusion, notwithsanding the purported significance of the testimony. *See Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006) (discussing the factors considered by the court when determining whether preclusion of testimony is appropriate, including prejudice to the opposing party and the party's explanation for failure to comply with disclosure requirements). The Clerk of Court is respectfully directed to terminate ECF No. 49.

SO ORDERED.
Dated: August 19, 2026
New York, New York

Dale E. Ho
United States District Judge

[2] In fact, in the prior *Frilando* case, Judge Jed S. Rakoff permitted trial testimony from a witness (Dr. Laura Bienenfeld) even though she was first disclosed in the defendants' Rule 26(a)(3)(A) pre-trial disclosures. *Frilando v. New York City Transit Auth.*, 513 F. Supp. 3d 356, 359 (S.D.N.Y. 2021) (noting the inclusion of her testimony), *aff'd*, No. 21-169-CV, 2022 WL 3569551 (2d Cir. Aug. 19, 2022); *Frilando v. New York City Transit Auth.*, No. 1:18-cv-05204-JSR, ECF No. 82-1 at 10–11 (using internal pagination and collecting Mr. Frilando's objections to Dr. Bienenfeld's testimony) & ECF No. 88 at 16–17 (collecting the defendants' arguments in response, which cited *Patterson* and noted the importance of Dr. Bienenfeld's testimony on longstanding issues in the case).