STEVEN BANKS
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

TASHMIN RAHMAN
*Assistant Corporation Counsel*

October 23, 2026

**By ECF**
Honorable Dale Ho
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re: Kenneth Frilando v. City of New York
No. 24 Civ. 8650 (DEH) (RWL)

Dear Judge Ho:

I am an Assistant Corporation Counsel in the Office of Steven Banks, Corporation Counsel of the City of New York, and I represent Defendant, City of New York, in the above-referenced matter.

On behalf of Defendant, City of New York, we move for permission to substitute Steven Hoffer for Cherry Bailey, the witness previously identified in the City's Rule 26(a)(3)(A) disclosures. Ms. Bailey has been on medical leave since April 2026, and there is no anticipated date for her return.

Although the City is willing to produce Ms. Bailey when she returns from medical leave, her indefinite unavailability necessitates the identification of an alternative witness. Accordingly, in the interest of judicial economy and avoiding unnecessary delay, the City seeks permission to substitute Ms. Bailey with Mr. Hoffner, a similarly-situated employee who can testify concerning the same subject matter as Ms. Bailey.

While the City recognizes that this application ordinarily would be raised in a motion in limine submitted in conjunction with the Joint Pretrial Order ("JPTO"), due on October 30, 2026, the City respectfully requests this application be decided in advance of that deadline to facilitate the resolution of outstanding evidentiary and witness issues. Specifically, the Court's determination will directly affect the City's ability to introduce certain documentary evidence at trial and may require the City to reevaluate its position on certain evidentiary submissions in the JPTO. Moreover, during the parties' October 20, 2026 meet and confer, Plaintiff's counsel indicated that Plaintiff objects to Mr. Hoffner's testimony and intends to seek preclusion through a motion in limine. The City therefore respectfully request an advance ruling permitting Mr. Offner

to testify and opposing Plaintiff's anticipated application for preclusion.

"In determining whether the [preclusion of testimony is appropriate], this Court considers (1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the precluded witness[es]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006). Applying these four factors, preclusion is not warranted in these circumstances.

First, the City has a legitimate and reasonable explanation for the proposed substitution. Although Ms. Bailey's medical leave began in April 2026, the City did not learn of her unavailability until it began preparing for trial. Upon learning that Ms. Bailey remained on leave with no anticipated return date, the City undertook efforts to identify an appropriate alternative witness. The proposed substitution is therefore necessitated by circumstances outside the City's control, rather than any attempt to circumvent its disclosure obligations or gain a tactical advantage.

Second, Mr. Hoffner's testimony is critical to the City's defense. A central issue in this action is whether Plaintiff was qualified for the position of Sanitation Worker, including whether the ability to communicate and comprehend English is an essential requirement of that position. Ms. Bailey was originally identified to testify concerning the duties and responsibilities of a Sanitation Worker and the importance of English-language communication and comprehension in performing those duties. Mr. Hoffner would provide testimony on these same issues, which are directly relevant to the City's defense.

The City anticipates that Plaintiff may argue that Keith Mellis, a Sanitation Worker who preceded Ms. Bailey previously identified by DCAS in support of its position statement to the EEOC as well as the City in its Amended Rule 26 Disclosure dated February 26, 2026, could provide this testimony instead. However, Mr. Mellis has since retired from the Department of Sanitation and, upon information and belief, no longer resides in New York and lives farther than 100 miles away from the SDNY. He is no longer employed by the City or within its control, and the City cannot compel his testimony through subpoena. Mr. Hoffner, by contract, is available to testify concerning the relevant job responsibilities and qualifications. Precluding his testimony would substantially impair the City's ability to present evidence central to its defense.

Third, Plaintiff will suffer no meaningful prejudice from the substitution. Mr. Hoffner is not being offered to introduce new theories, defenses, or subject matters. Rather, his anticipated testimony is substantially identical in substance to the testimony Ms. Bailey would have provided. Plaintiff has therefore been on notice of the subject matter of this testimony since the City's original witness disclosures. Notably, Plaintiff did not depose Ms. Bailey during discovery when she had not yet been on leave. The City offered the deposition but Plaintiff ultimately did not take the deposition, despite having the opportunity to do so. Moreover, pursuant to the Court's Individual Rules, the City will submit Mr. Hoffner's affidavit setting forth his anticipated testimony in advance of trial, thereby providing Plaintiff with additional notice of the substance of his testimony and an opportunity to prepare any objections on cross-examination. This would have been the same situation had Ms. Bailey been available for trial—Plaintiff would similarly have no knowledge of Ms. Bailey's testimony as they waived their right to a deposition of Ms. Bailey when discovery closed. Under these circumstances, Plaintiff cannot establish that permitting Mr. Hoffner to testify would result in the type of prejudice warranting the drastic

remedy of preclusion.

Fourth, the possibility of a continuance weighs against preclusion. If the Court were to preclude Mr. Hoffner's testimony, the City would request a continuance to permit Ms. Bailey to testify upon her return from medical leave. However, because these is no anticipated date for her return, such a continuance could result in substantial and potentially indefinite delay of trial. Neither party would benefit from such an outcome. Permitting Mr. Hoffner to testify would avoid this unnecessary delay while preserving the City's ability to present its defense and Plaintiff's ability to challenge the testimony at trial.

Accordingly, all four *Patterson* factors weigh against preclusion. The proposed substitution arises from circumstances beyond the City's control, concerns testimony central to its defense, presents no meaningful prejudice to Plaintiff, and avoids the possibility of a substantial delay in trial.

For the foregoing reasons, the City respectfully requests that the Court grant its application to substitute Steven Hoffner for Cherry Bailey as a trial witness and deny Plaintiff's anticipated motion in limine seeking to preclude Mr. Hoffer's testimony. The City further requests that the Court consider this application in advance of the October 30, 2026 JPTO deadline so that the parties may finalize their witness lists and evidentiary submissions consistent with the Court's ruling.

Defendant City thanks the Court for its consideration and attention to this matter.

Respectfully submitted,

Tashmin Rahman
Assistant Corporation Counsel

cc: David John Hommel, Esq. (by ECF)

For the reasons stated on the record during the November 2, 2026, conference with the parties, Defendant's motion to substitute a witness is **GRANTED IN PART AND DENIED IN PART.**

Defendant's request to call Steven Hoffner as a witness in place of Cherry Bailey is **DENIED WITHOUT PREJUDICE.**

Defendant's request, to, in the alternative, call Keith Mellis as a witness by remote testimony is **GRANTED.** Plaintiff may take a remote deposition of Mr. Mellis of **no more than four hours** by **November 18, 2026**. Defendant shall submit Mr. Mellis's trial affidavit by **November 6, 2026.** Plaintiff shall submit any objections to Mr. Mellis's trial affidavit by **November 11, 2026.**

Any deadlines for Plaintiff to object to the trial affidavit of Mr. Hoffner are hereby **ADJOURNED**. The Clerk of Court is respectfully directed to close ECF No. 55.

SO ORDERED.

Dated: November 2, 2026
New York, New York

Dale E. Ho
United States District Judge